# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Andrew James Olafson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:14-cv-90 |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Kerry Wicks, Alex Schweitzer, and ) | **AND ORDER** |
| Dr. Mark Rodlund, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Andrew James Olafson, proceeding pro se, asserted claims under 42 U.S.C. § 1983 related to his confinement at the North Dakota State Hospital (NDSH) as a sexually dangerous individual (SDI). After an initial review of Olafson's claims pursuant to 28 U.S.C. § 1915A, the court allowed certain claims to proceed, dismissed certain other claims, and stayed three claims. (Doc. 16; Doc. 21). The claims on which Olafson had initially been allowed to proceed were subsequently dismissed on summary judgment. (Doc. 114). Thus, the only remaining claims are the three claims that have been stayed.

The stayed claims allege (1) an evaluation that resulted in Olafson's classification as an SDI was done by someone who possessed child pornography, (2) Olafson received a bill from NDSH when he should not have been confined at the institution, and (3) Olafson received better sex offender treatment at the North Dakota State Penitentiary than at NDSH. (Doc. 17, pp. 3-4; Doc. 18, p. 2). Those claims were stayed prior to initial review under § 1915A.

The three claims were stayed because the court determined they might be related to claims in another case in which Olafson is a plaintiff. That case, Ireland v. Jones, No.

3:13-cv-3, has since been certified as a class action for injunctive and declaratory relief. Subsequent to class certification in the Ireland case, the Eighth Circuit Court of Appeals decided a case involving Minnesota's sex offender treatment program, Karsjens v. Piper, 845 F.3d 394 (8th Cir. 2018). On remand, the district court held civilly committed sex offenders had no due process right to appropriate, effective, or reasonable treatment of the illness or disability that triggered their civil commitment, Karsjens v. Piper, 336 F. Supp. 3d 974 (D. Minn. 2018). Following the Karsjens decisions, a January 15, 2019 order dismissed substantive due process and procedural due process claims in the Ireland case.

On March 10, 2020, the court ordered Olafson to show cause why the three stayed claims should not be dismissed in light of the Karsjens and Ireland decisions discussed above. Olafson responded to the order to show cause and requested additional time to submit documents. (Doc. 124). Because the documents Olafson requests to submit have no relation to the stayed claims and have no bearing on the effect of the Ireland and Karsjens decisions on the stayed claims, his request for an extension of time to submit additional documents is denied. This court finds a stay of the three claims is no longer warranted and therefore proceeds to the initial review of the three stayed claims.

**Background**

The court described Olafson's factual allegations relating to the three stayed claims in a November 16, 2015 order:

> Olafson alleges that an evaluation which resulted in his classification as an SDI was done by Doctor Joseph Belanger, a NDSH employee, who possessed child pornography on his computer. . . . Olafson states that Alex

> Schweitzer and Kerry Wicks "knew that [Belanger] possessed child pornography," and had him conduct Olafson's initial evaluation despite their knowledge. Olafson further contends that Belanger "admitted to having child pornography to . . . patients." . . .
>
> Olafson contends that he has received a bill from the NDSH when he should not have been confined at the institution. . . . Olafson alleges that he received the bill from Schweitzer and Wicks.
>
> . . . .
>
> Lastly, Olafson alleges that he receives better treatment at the NDSP than at the NDSH. . . . Olafson contends that at the NDSH he is "put . . . in . . . isolation [and is] secluded . . . from [his] treatment [program]," and that he was "in seclusion" for "1,000 or more hours." Additionally, he contends that he is "refuse[d] . . . proper sex offender treatment programs." . . . [H]e contends that [Dr. Mark Rodlund] was responsible for his sex offender treatment at the NDSH.

(Doc. 21, pp. 24-26) (internal citations omitted).

In his response to the order to show cause, Olafson reiterates his claim concerning Dr. Belanger having possessed child pornography and states, "I'm being civilly committed based off of that evaluation." (Doc. 124, p. 2). Olafson's response also describes claims asserted in Ireland or in a state action, in which he appealed an order continuing his confinement as an SDI, related to having been civilly committed in the absence of a conviction for a sexual offense committed while an adult, an assertion his civil commitment amounts to punishment, NDSH not providing effective treatment in the least restrictive environment, and NDSH violating the Americans with Disabilities Act. Id. at 2-5. Olafson requests release from confinement as an SDI and states that if the court orders him released, he will withdraw this lawsuit. The court then considers Olafson's three remaining claims under § 1915A.

**Law and Discussion**

Under § 1915A, if the court determines the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant immune from such relief, the court must dismiss the complaint. To state a cognizable claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2), as interpreted by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), Ashcroft v. Iqbal, 556 U.S. 662 (2009), and their progeny. To meet the Twombly/ Iqbal standard, a complaint must present a "plausible" claim and must give the defendants fair notice of the claim and grounds upon which it rests. E.g., Zink v. Lombardi, 783 F.3d 1089, 1098 (8th Cir. 2015). When the factual content of a complaint allows the court reasonably to infer that a defendant is liable for the alleged misconduct, the complaint has stated a facially plausible claim. Iqbal, 556 U.S. at 678. In other words, the complaint must "possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (citing Fed. R. Civ. P. 8(a)(2)).

While facts alleged in the complaint are to be accepted as true, conclusory allegations of the elements of a cause of action are insufficient to state a claim that is plausible on its face. Id. In construing a pro se complaint, a court is to take a liberal approach and is to hold a pro se litigant to a less stringent pleading standard than would be required of attorneys. Erickson v. Pardus, 551 U.S. 89, 93 (2007).

As stated in Ireland and Karsjens, there is no constitutional right to effective sex offender treatment:

> Karsjens established that committed individuals do not have a federally recognized due process right to appropriate or effective or reasonable treatment of the illness or disability that triggered the patient's

4

>involuntary confinement. See Karsjens 845 F.3d at 410; see also, Van Orden v. Stringer, 262 F. Supp. 3d 887, 893 (E.D. Mo. July 6, 2017) (finding claims substantially similar to the one alleged here do not implicate a fundamental liberty interest); Karsjens v. Piper, 2018 WL 4039364, *6 (D. Minn. Aug. 23, 2018) (finding that committed persons do not have a recognized due process right to treatment of illness that triggered the person's involuntary confinement). Eighth Circuit case law clearly establishes that civilly committed sex offenders do not have a fundamental liberty interest or right to treatment recognized under federal law.

Ireland, No. 3:13-cv-3, Doc. 669, p. 15 (D.N.D. Jan. 15, 2019). Each of the stayed claims asserts a due process violation. In light of the Ireland and Karsjens decisions, none of the three stayed claims is plausible, and they should be dismissed.

In his response to the order to show cause, Olafson raised issues unrelated to the stayed claims, and the court considers those matters under § 1915A. The documents Olafson wishes to submit appear to relate, at least in part, to a claim concerning NDSH's alleged confiscation of his social security benefits. (Doc. 124, pp. 1, 7). That claim, for which Olafson requests money damages, is not a part of this action. Olafson states money damages for the alleged confiscation of his social security benefits, and his release from confinement, are the only "remedies that [he is] requesting the courts to really consider." Id. at 6. Although Olafson also describes another issue not raised in this action, alleging NDSH has failed two "health inspections," he requests no relief concerning that issue. Id. at 5.

Olafson's request for release is not properly brought in a § 1983 action. See Franklin v. Webb, 653 F.2d 362, 363 (8th Cir. 1981) (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)) (stating habeas corpus provides prisoners the exclusive federal remedy for challenges to the fact or duration of their confinement); see also Carter v. Bickhaus, 142 F. App'x 937, 938 (8th Cir. 2005) (per curiam unpublished opinion)

(applying the rule of <u>Franklin</u> and <u>Preiser</u> in the context of a civilly committed individual seeking release in a § 1983 action). Additionally, Olafson cannot obtain money damages for the alleged confiscation of his social security benefits because that claim is not part of this action. Thus, he has not stated any plausible claim that would entitle him to the relief he seeks.

## Conclusion

Continued stay of Olafson's three remaining claims is not warranted. Having now reviewed each of those claims pursuant to § 1915A, it is this court's opinion none of the three stayed claims is plausible, and this court **RECOMMENDS** Olafson's claims against the remaining three defendants be dismissed and judgment be entered accordingly. Additionally, to the extent Olafson raises issues concerning matters other that the three stayed claims, this court **RECOMMENDS** the chief district judge find no relief can be granted in this action.

Because any appeal would be frivolous and could not be taken in good faith, this court further **RECOMMENDS** the chief district judge find any appeal may not be taken in forma pauperis.

Additionally, for the reasons discussed above, it is **ORDERED** that Olafson's motion for an extension of time to submit additional documents is **DENIED**.

Dated this 2nd day of April, 2020.

*/s/ Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge

## NOTICE OF RIGHT TO OBJECT[1]

Plaintiff may object to this Report and Recommendation and Order by filing with the Clerk of Court no later than **April 16, 2020**, a pleading specifically identifying those portions of the Report and Recommendation and Order to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.

---

[1] See Fed. R. Civ. P. 72(b); D.N.D. Civ. L.R. 72.1.